IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RATES TECHNOLOGY INC.,<br><br>        Plaintiff,<br><br>v.<br><br>QWEST COMMUNICATIONS CORPORATION AND QWEST COMMUNICATIONS INTERNATIONAL, INC.,<br><br>        Defendants | Civil Action No. 07-442 (JJF)<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A STAY PENDING REEXAMINATION OF U.S. PATENT NO. 5,425,085**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

PROSKAUER ROSE LLP
Steven M. Bauer*
One International Place
Boston, MA 02110-2600
(617) 526-9600
sbauer@proskauer.com

*Attorneys for Qwest Communications Corporation and Qwest Communications International, Inc.*

Dated: September 28, 2007

*Pro Hac Vice* Application pending.

-i-

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ...................................................................................1

II. ARGUMENT.................................................................................................................3

    A.    Dismissal of RTI's Complaint In Its Entirety Is Appropriate As To QCC Because QCC's OneFlex Services Do Not Infringe The Patents-In-Suit.................................................................................................4

    B.    Dismissal Of RTI's First Cause Of Action, Pursuant To Rule 12(b)(6), Is Also Appropriate Given The Invalidity Of The Assertable Claims Of The '085 Patent.........................................................6

    C.    Alternatively, If This Court Does Not Dismiss RTI's Complaint, It Should Stay This Litigation Pending Reexamination of the '085 Patent.................................................................................................................8

        1.    Granting A Stay Will Not Prejudice RTI.........................................9

        2.    Granting A Stay Likely Will Simplify The Issues, Or Even End This Case. ................................................................................10

        3.    Discovery Has Not Begun And A Trial Date Is Not Set ...............12

III. CONCLUSION............................................................................................................12

## TABLE OF AUTHORITIES

Cases

*Abbott Diabetes Care, Inc., v. Dexcom, Inc.,*
    No. 05-cv-590-GMS,
    2006 WL 2375035 (D. Del. Aug. 16, 2006) ...................................................... 8, 11

*Alex Brown & Sons v. Marine Midland Banks,*
    No. 96 CIV. 2549 RWS,
    1997 WL 97837 (S.D.N.Y. Mar. 6, 1997) .............................................................. 1

*Alloc, Inc. v. Unilin Decor N.V.,*
    No. 03-cv-253-GMS,
    2003 WL 21640372 (D. Del. July 11, 2003) ..................................................... 11, 12

*Applera Corp. v. Thermo Electron Corp.,*
    No. 04-cv-1230-GMS,
    D.I. 81 (D. Del. Dec. 28, 2005) (ORDER) ............................................................ 11

*ASCII Corp v. STD Entm't USA, Inc.,*
    844 F. Supp. 1378 (N.D. Cal. 1994) ...................................................................... 8

*Barmag Barmer Maschinenfabrik v. Murata Mach. Ltd.,*
    731 F.2d 831 (Fed. Cir. 1984) ................................................................................ 4

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ................................................................................................ 4

*Circuit City Stores, Inc. v. Citgo Petroleum Group,*
    No. 92-cv-7394,
    1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ............................................................ 1

*Conley v. Gibson,*
    355 U.S. 41 (1957) .................................................................................................. 3

*Cost Bros., Inc. v. Travelers Indem. Co.,*
    760 F.2d 58 (3d Cir. 1985) ..................................................................................... 8

*Ethicon, Inc. v. Quigg,*
    849 F.2d 1422 (Fed. Cir. 1988) .............................................................................. 8

*Finnegan v. Univ. of Rochester Med. Ctr.,*
    180 F.R.D. 247 (W.D.N.Y. 1998) ........................................................................... 1

*Gioello Enters. Ltd. v. Mattel, Inc.,*
    No. 99-cv-375-GMS,
    2001 WL 125340 (D. Del. Jan 29, 2001) ............................................................. 11

DB02:6265622.1                                                                                                                              066550.1001

*Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*,
    48 U.S.P.Q. 2d 1058, No. CV 97-7681 LGB (Ex),
    1998 WL 670240 (C.D. Cal. July 15, 1998)..................9

*Hamilton Indus., Inc. v. Midwest Folding Prod. Mfg. Corp.*,
    No. 89 C 8696,
    1990 WL 37642 (N.D. Ill. Mar. 20, 1990)..................8

*Hewlett-Packard Co. v. Acuson Corp.*,
    No. C-93-0808 MHP,
    1993 WL 149994 at *2 (N.D. Cal. May 5, 1993)..................10

*Kronos, Inc. v. AVX Corp.*,
    23 U.S.P.Q.2d 1792 (W.D.N.Y. 1992),
    *aff'd*, 988 F.2d 129 (Fed. Cir. 1993)..................3

*London v. Carson Pirie Scott & Co.*,
    946 F.2d 1534 (Fed. Cir. 1991)..................4

*Maxwell v. J. Baker. Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996),
    *cert. denied*, 520 U.S. 1115 (1997)..................4

*Open LCR.com, Inc. v. Rates Tech., Inc.*,
    112 F.Supp.2d 1223 (D. Colo. 2000)..................4, 5

*Paice LLC v. Toyota Motor Corp.*,
    No. 2:04-CV-211,
    2006 WL 2385139 (E.D. Tex. Aug. 16, 2006)..................9

*Pegasus Dev. Corp. v. DirectTV, Inc.*,
    No. 00-cv-1020-GMS,
    2003 WL 21105073 (D. Del. May 14, 2003)..................11

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc.*,
    68 U.S.P.Q. 2d 1765,
    No. 02-74796, 2003 WL 22870902 (E.D. Mich. Oct. 7, 2003)..................10

*Rashidi v. Albright*,
    818 F. Supp. 1354 (D. Nev. 1993)..................3

*Richards v. Chase Elevator Co.*,
    158 U.S. 299 (1895)..................6

*SmithKline Beecham Corp. v. Apotex Corp.*,
    365 F.3d 1306 (Fed. Cir. 2004) (Gajarsa, J., concurring)..................6

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
  766 F. Supp. 212 (D. Del. 1991)..........................................................................9

*View Engineering Inc. v. Robotic Vision Systems Inc.*,
  208 F.3d 981 (Fed. Cir. 2000)..............................................................................8

*Xerox Corp, v. 3 Com Corp.*,
  69 F. Supp. 2d 404 (W.D.N.Y. 1999)...................................................................9


Treatises

60 Am. Jur. 2d Patents § 887 (2003) ............................................................................6


Statutes

FED.R.CIV.P. 12(c).........................................................................................................1

35 U.S.C. § 307(a)........................................................................................................11

37 C.F.R. § 1.131...........................................................................................................2

DB02:6265622.1                                                                                                   066550.1001

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Qwest Communications Corporation ("QCC") respectfully moves to dismiss Plaintiff Rates Technology, Inc.'s ("RTI") First Amended Complaint for failure to state a claim upon which any relief can be granted, because with respect to the only products that have been identified as infringing by Plaintiff -- namely those products sold under the OneFlex® brand -- no facts have been (or can be) alleged to suggest QCC infringes either of the two Patents-In-Suit.[1] In addition, for the same reasons that the U.S. Patent and Trademark Office ("PTO") has rejected the claims of United States Patent No. 5,425,085 ("the '085 Patent"), both QCC and Qwest Communications International Inc. ("QCII") move to dismiss Count 1 of RTI's First Amended Complaint on the basis that all relevant claims of the '085 Patent are invalid.[2]

Alternatively, QCC and QCII (collectively "Qwest") respectfully request that the Court stay this litigation pending the final outcome of the '085 Patent reexamination.

## I.    PRELIMINARY STATEMENT

Plaintiff RTI is a patent holding company whose only income appears to come from litigation-induced "licenses" of the '085 Patent and U.S. Patent No. 5,519,769 ("the '769 Patent") (collectively "the Patents-In-Suit"). On July 16, 2007, RTI filed the present action

---

[1] Because Qwest's motion relies on evidence outside of the pleadings, the motion, although filed under Rule 12, is to be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* FED.R.CIV.P. 12(c).

[2] This motion suspends the obligation to answer. *See Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249 (W.D.N.Y. 1998); *Alex Brown & Sons v. Marine Midland Banks*, No. 96 CIV. 2549 RWS, 1997 WL 97837, at *7 (S.D.N.Y. Mar. 6, 1997); *Circuit City Stores, Inc. v. Citgo Petroleum Group*, No. 92-CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994). Out of an abundance of caution, in the event RTI would attempt to dispute this and will not voluntarily consent to an extension, we request an extension to answer through and including 15 days following disposition of the motion to stay and the motion to dismiss.

alleging vaguely that Qwest's VoIP and VPN services infringe the Patents-In-Suit.[3] The only products named in the Complaint or ever identified by Plaintiff as allegedly infringing the Patents-In-Suit are QCC's OneFlex services -- a broad group of five VoIP-related products sold and offered for sale under the OneFlex brand (the "OneFlex Services"). *See* D.I. 1 at ¶10. Notably, however, none of the five separate services offered under that moniker were specifically identified and the separate services use a number of different systems for routing telephone calls. *See* Baron Decl. Ex. I, Scivicque Decl. at ¶¶ 3-4. Each of these OneFlex services is described on Qwest's web site and in publicly available materials.

However, under no reasonable interpretation of the claims can RTI's attorney allege that RTI has evidence from which he could form a belief that QCC's OneFlex Services infringe either of these two patents. Indeed, in addition to the fact that no specific product was ever named, a review of the First Amended Complaint suggests that RTI knows it has insufficient factual basis to bring this suit -- RTI says on no fewer than eight occasions that it needs "further investigation or discovery" to find evidentiary support for its claims. Perhaps even more disingenuous is RTI's failure to disclose that the '085 Patent has been in reexamination since April 11, 2006, and that the PTO has rejected the claims as unpatentable.[4]

Because RTI has not -- *and cannot* -- plead sufficient facts to prove its infringement claims with respect to the One Flex Services, and because the assertable claims of the '085 Patent are invalid for all of the reasons they stand rejected by the PTO, QCC and QCII move (on

---

[3]    On September 14, 2007, RTI filed and served a first amended complaint making essentially the same allegations, but correcting the name of one of the named defendants, and dropping two other named Qwest entities.

[4]    RTI's response to the PTO's invalidity ruling was to file a declaration by Mr. Weinberger "swearing behind" §102(b) prior art. *See* Baron Decl., Ex. C at 44, RTI's Response to PTO Reexamination Action. As a matter of law, Mr. Weinberger's declaration fails because §102(b) prior art cannot be sworn behind. *See* 37 C.F.R. § 1.131 ("Prior invention may not be established under this section if either: (1) … (2) The rejection is based upon a statutory bar.")

-2-

varying bases) at this early stage under Rule 12(b)(6) to dismiss RTI's Complaint, or portions thereof, before considerable effort and expense is expended in defending this case.

Alternatively, if the Court believes that dismissal is inappropriate at this early time, Qwest believes that efficiency considerations weigh strongly in favor of staying this action pending the PTO's reexamination of the '085 Patent. Granting a stay now, before discovery has even begun, will at a minimum allow the case to be simplified by the PTO before the Court and the litigants expend time and resources on discovery. And, at best, a stay may allow this litigation to end without requiring rulings on claim construction issues related to invalid patent claims. These efficiencies exist even though only the '085 Patent is under reexamination because the '085 and '769 Patents arise from related applications, refer to the same subject matter, and share many of the same terms. Moreover, a stay would not prejudice RTI. RTI is a patent licensing company that is not entitled to injunctive relief and can be adequately compensated by monetary damages in the unlikely event infringement is found.

## II. ARGUMENT

Dismissal of a complaint is appropriate where, as here, there are no facts alleged that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Where a motion to dismiss presents the Court with evidence that is outside of the pleadings, Fed. R. Civ. P. 12(c) requires that this Court treat the motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See, e.g., Kronos, Inc. v. AVX Corp.*, 23 U.S.P.Q.2d 1792, 1794 (W.D.N.Y. 1992), *aff'd*, 988 F.2d 129 (Fed. Cir. 1993) ("pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the court has considered documents which are outside of plaintiff's pleadings and therefore dismisses the case under Rule 56."); *see also Rashidi v.*

*Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993) ("a Rule 12(b)(6) motion is transformed to a Rule 56 motion when matters outside the pleadings are considered by the court").

### A. Dismissal of RTI's Complaint In Its Entirety Is Appropriate As To QCC Because QCC's OneFlex Services Do Not Infringe The Patents-In-Suit

Dismissal of a complaint for non-infringement is appropriate where no issue of genuine material fact exists and the movant can demonstrate that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Barmag Barmer Maschinenfabrik v. Murata Mach. Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984) (holding that summary judgment is as appropriate in patent cases as in any other type of case).

In order to prevail on its claims of infringement as to the only services identified in the complaint -- QCC's OneFlex Services -- RTI must submit *actual* evidence to show that these services contain <u>every</u> limitation of the asserted claims. *See Maxwell v. J. Baker. Inc.*, 86 F.3d 1098, 1105 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997). In other words, the absence of a single claim limitation precludes a finding of infringement. *See London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1539 (Fed. Cir. 1991). In the instant case, RTI simply cannot submit such evidence.

As described by the court in *Open LCR.com, Inc. v. Rates Tech., Inc.*, 112 F.Supp.2d 1223 (D. Colo. 2000), the Patents-In-Suit narrowly claim specific Least Cost Routing ("LCR") technology used in a telephone system:

> In October 1978, Gerald J. Weinberger, now president of RTI, received U.S. Patent No. 4,122,308 (the " '308 Patent") broadly disclosing LCR technology to be used with telephone devices. [**4] The '308 Patent expired in October 1995. In August 1994, as the protection period on the '308 Patent neared its end, Weinberger filed two more narrow patent applications on LCR technology. . .
>
> The '085 Patent discloses and claims a specific LCR device to be used between a telephone and the local telephone network -- i.e., between the telephone and the wall jack. The '769 Patent discloses and claims a specific method for updating, when necessary, LCR billing rate parameters in a rating device.

112 F.Supp.2d at 1225. Figure 1 of the '085 patent illustrates the claimed device as item 10:



FIG. 1

RTI cannot possibly demonstrate that every limitation of the asserted claims of the '085 Patent is met here, because at a minimum, none of QCC's OneFlex Services include a "database means for storing billing rate parameters . . ." or "a means for addressing said database means for identifying a plurality of communication switch paths . . ." *See* Baron Decl. Ex. G, '085 Patent at Claim 1; Baron Decl. Ex. I. QCC's OneFlex services likewise do not use a database for storing billing rate parameters that is addressed for identifying communication switch paths. *See* Baron Decl. Ex. I, Scivicque Decl. at ¶ 5.

Similarly, RTI can not prove infringement of the '769 Patent. The claims of the '769 patent require, *inter alia*, a "call rating device" that has "billing rate parameters" that are updated. *See* Baron Decl. Ex. H, '769 Patent at Claim 1. Qwest's OneFlex service does not use

a "call rating device" that employs any method for updating "billing rate parameters."[5] *See* Baron Decl. Ex. I, Scivicque Decl. at ¶ 6.

RTI, accordingly, cannot demonstrate that any of QCC's OneFlex Services contain a crucial limitation of the asserted claims -- much less *every* limitation of the asserted claims.

### B.   Dismissal Of RTI's First Cause Of Action, Pursuant To Rule 12(b)(6), Is Also Appropriate Given The Invalidity Of The Assertable Claims Of The '085 Patent

A court may also dismiss a patent infringement case for failure to state a claim when the claims of the asserted patent are invalid. *See Richards v. Chase Elevator Co.*, 158 U.S. 299, 301 (1895);[6] *see also* 60 Am. Jur. 2d Patents § 887 (2003). A request to reexamine the '085 patent was filed in February of 2006. On April 11, 2006 the PTO instituted reexamination proceedings. On May 21, 2007, the PTO rejected claims 1-5, 7-11, 13-16, 18, 19, and 22-26 of the '085 Patent as unpatentable under 35 U.S.C. § 102(b), and claims 12, 20 and 21 of the '085 Patent unpatentable under 35 U.S.C. § 103(a).[7] *See* Baron Decl., Ex. B at 3-25, PTO Reexamination

---

[5]   RTI has taken the position that "billing rate parameters," as used in the claims of RTI's patents, refers to "any information, however configured, that can be used by the call rating device to determine call rates." *See* Baron Decl. Ex. F, RTI's Memorandum of Law In Support of Cross Motion For Summary Judgment On Claim Construction in *MediaCom Corp. v. Rates Tech. Inc.*, No. 97-10559-WGY (D. Mass. Mar. 22, 1999) at 11.
   RTI has also taken the position that "means for comparing the cost rate of each path so as to determine a least cost route," is directed to any computer processor or any equivalent device or circuitry capable of identifying and comparing available paths and/or carriers for routing a call based on cost. *Id.* at 9.
   The Qwest OneFlex services simply do not do this.

[6]   The *Richards* case and a related Supreme Court case from 1882 "remain good law, though the courts have relied upon them infrequently." *SmithKline Beecham Corp. v. Apotex Corp.*, 365 F.3d 1306, 1321 (Fed. Cir. 2004) (Gajarsa, J., concurring).

[7]   The two claims that are not subject to reexamination are irrelevant to this case -- they relate to physical embodiments of a consumer product that no one will reasonably suggest is at issue here. For example, both claims require the device to be "substantially cylindrical with opposing ends."

Action, dated May 21, 2007. Specifically, the PTO relied upon an installation manual published in 1990 by Vodavi Communications Systems, a technical manual published by Isoetec Communications, Inc. in July of 1988, UK Patent Application No. 2,218,595 and U.S. Patent No. 5,173,933 ("Jabs") as anticipating the assertable claims of the '085 patent under 35 U.S.C. § 102(b). *See Id.* at 3-22. The PTO also used the Jabs and the Isoetec reference to reject some of the claims under 35 U.S.C. § 103. *See Id.* at 23-25.[8] Qwest respectfully submits that this Court can and should independently find the assertable claims of the '085 Patent invalid based on the same prior art cited by the PTO in rejecting the claims in reexamination.

RTI cannot credibly claim it needs any discovery to oppose this basis for Qwest's motion. RTI has been aware of the prior art asserted in the reexamination since at least Feb 14, 2006, when the initial request for reexamination was made. In choosing to bring this litigation after a finding from the PTO holding the assertable claims of the '085 unpatentable, RTI presumably analyzed these issues and came to a good faith basis that it was appropriate to proceed. It would be sanctionable for it to have done otherwise. *See, e.g., View Engineering Inc. v. Robotic Vision Systems Inc.*, 208 F.3d 981 (Fed. Cir. 2000) ("In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court

---

[8] The PTO found that claims 1-5, 7-10, and 13 were invalid under 35 U.S.C. § 102(b) as being anticipated by "Starplus SPX: General Description Installation and Maintenance Manual," published by Vodavi Communications Systems, dated September 1990 ("Vodavi"). *See* Baron Decl., Ex. B at 4-7, PTO Reexamination Action, dated May 21, 2007. Claims 1-5, 7-10, 13-16, 18, 19, and 22-26 were found invalid under 35 U.S.C. § 102(b) as being anticipated by "ISOETEC Systems/228: Technical Manual," published by the publication ISOETEC Communications, Inc. and dated July 1998 ("Isoetec"). *Id.* at 7-16. Claims 1, 2, 5, 7, and 10 were found invalid under 35 U.S.C. § 102(b) as being anticipated by the UK Patent Application No. 2,218,595. *Id.* at 16-19. Claims 1-5, 7-11 were found invalid under 35 U.S.C. § 102(b) as being unpatentable over U.S. Patent No. 5,173,933 ("Jabs"). *Id.* at 19-22. Claim 12 was found invalid under 35 U.S.C. § 103(a) as being anticipated by Jabs. *Id.* at 23. Finally, claims 20 and 21 were found invalid under 35 U.S.C. § 103(a) as being unpatentable over Isoetec, in view of Jabs. *Id.* at 24-25. All of the analysis submitted to the Patent office as a part of the request for the Reexamination has been attached to the Baron Decl. at Ex. A.

-7-

and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement.")

      **C.**      **Alternatively, If This Court Does Not Dismiss RTI's Complaint, It Should Stay This Litigation Pending Reexamination Of The '085 Patent**

This Court has broad discretion to stay this litigation. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Its authority to grant a stay clearly extends to patent cases in which a reexamination by the PTO has been requested. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a Patent Office reexamination") (internal citations omitted).

Indeed, staying litigation pending the outcome of a patent's reexamination is consistent with the underlying purpose of the reexamination procedure -- *i.e.*, the promotion of a speedy and cost effective patent validity assessment. *Abbott Diabetes Care, Inc., v. Dexcom, Inc.*, No. 05-cv-590-GMS, 2006 WL 2375035, at *6 (D. Del. Aug. 16, 2006); *Hamilton Indus., Inc. v. Midwest Folding Prod. Mfg. Corp.*, No. 89 C 8696, 1990 WL 37642, at *1 (N.D. Ill. Mar. 20, 1990) ("The reexamination procedure was created to promote the speedy and less costly review of the validity of patents in certain limited situations."); *ASCII Corp v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) ("[T]here is a liberal policy in favor of granting motions to stay pending the outcome of Patent Office reexamination or reissuance proceedings.")

The facts of this case certainly weigh in favor of granting a stay. A stay would not prejudice RTI, could greatly simplify the proceedings, and would not in any way disrupt any scheduling order of this Court. *See Xerox Corp, v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (a three part test for determining whether to order a stay, including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving

party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set"); *see also United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (setting forth a similar test).

### 1. Granting A Stay Will Not Prejudice RTI

RTI cannot claim any legitimate prejudice from having this case stayed until after the reexamination. Indeed, RTI has sat on its rights, having first notified Qwest of the relevance of the Patents-In-Suit to VoIP technology at least as early as March of 2004 -- over three years prior to filing this litigation. Despite its position that Qwest was providing VoIP services and that such services implicated the Patents-In-Suit at least as early as March 2004, RTI delayed initiating this litigation for over three years. Staying the case further will not prejudice RTI any more than its own delay has.

Moreover, because RTI has no products of its own and does not compete in the VoIP market, a stay will not harm RTI in any way. In the unlikely event RTI wins this case, RTI may be entitled to damages and prejudgment interest, meaning that it would be made whole for any delay. *Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness Inc.*, 48 U.S.P.Q. 2d 1058, 1061, No. CV 97-7681 LGB (Ex), 1998 WL 670240 (C.D. Cal. July 15, 1998) (ordering a stay because money damages would adequately compensate the plaintiff); *Paice LLC v. Toyota Motor Corp.*, No. 2:04-CV-211, 2006 WL 2385139, at *5 (E.D. Tex. Aug. 16, 2006) (finding that the plaintiff's supposed "inability to license" was not sufficient to find monetary damages inadequate where plaintiff did not compete in the market or produce the patented product).

The harm to Qwest and the unnecessary expenditure of this Court's resources, if this infringement litigation proceeds pending reexamination, on the other hand, is clear. If the case remains active pending the reexamination, Qwest is faced with the very real possibility of having to conduct discovery on issues which may be entirely irrelevant. Qwest could be forced to

expend a significant amount of money and time preparing defenses to a patent or patent claims that ultimately do not survive the PTO's reexamination. This danger is particularly real considering that RTI has been sanctioned in the past for very serious discovery abuse designed to drive up litigation costs when asserting these very same patents.[9]

### 2. Granting A Stay Likely Will Simplify The Issues, Or Even End This Case

It is in the interest of judicial economy to grant a stay where pending PTO reexamination proceedings may simplify or narrow the issues in dispute. *See, e.g., Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc.*, 68 U.S.P.Q. 2d 1765, 1758, No. 02-74796, 2003 WL 22870902 (E.D. Mich. Oct. 7, 2003) ("the Patent Office's determination will be beneficial to the efficient resolution of this action. The Patent Office may resolve any remaining disputes [and] simplify the issues"); *see also Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994 at *2 (N.D. Cal. May 5, 1993) ("[C]ourts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers.").

Indeed, sessions in this district have recognized the appropriateness of staying a case where reexamination might drastically alter the scope of the case. *See Abbott Diabetes Care*, 2006 WL

---

[9]   In *Alcatel Internetworking, Inc. et al. v. Rates Tech. Inc.*, the court order RTI on five different occasions to produce license and settlement agreements covering the RTI patents, the last order imposing a $500/day fine for noncompliance. *See* Baron Decl., Ex. E, *Alcatel*, C.D. Cal. C.A. 2:03cv09449 (D.I. 61, Nov. 4, 2004 Order Granting Plaintiffs Motion to Compel; D.I. 82, Dec. 6, 2004 Order Granting Plaintiff's Ex Parte Application for An Order Compelling Compliance with Previous Court Order; D.I. 93, Dec. 17, 2004 Order Overruling RTI's Objection to Court Order; D.I. 276, Mar. 8, 2006 Order Granting Plaintiff's Motion to Compel; D.I. 302, Apr. 21, 2006 Order Compelling Production (ordering RTI to pay $500 for each calendar day that complete responses to Plaintiff's discovery are not produced)). The court ultimately ordered that RTI "already ha[s] wasted enough of the Court's time with [its] frivolous motions and may not file any other motions for reconsideration of this issue without leave of court." *Id.* at D.I. 302, at 3.

2375035, at *6 (court stayed proceedings pending reexamination citing "efficiency", "streamline[d]" discovery, conservation of resources and narrowing of complex issues); *Applera Corp. v. Thermo Electron Corp.*, No. 04-cv-1230-GMS, D.I. 81 (D. Del. Dec. 28, 2005) (ORDER); *Alloc, Inc. v. Unilin Decor N.V.*, No. 03-cv-253-GMS, 2003 WL 21640372, at *2 (D. Del. July 11, 2003) (court ordered stay pending reexamination citing the benefit of the PTO's expertise in evaluating the prior art); *Pegasus Dev. Corp. v. DirectTV, Inc.*, No. 00-cv-1020-GMS, 2003 WL 21105073, at *2 (D. Del. May 14, 2003); *Gioello Enters. Ltd. v. Mattel, Inc.*, No. 99-cv-375-GMS, 2001 WL 125340, at *1-2 (D. Del. Jan 29, 2001) (stay granted citing "the risk of inconsistent adjudications or issuance of advisory opinions.")

In the instant case, a stay is warranted because it is likely to narrow the issues in this litigation relating to claim construction, infringement, and validity. In particular, if the PTO finds the assertable '085 Patent claims unpatentable, the First Cause of Action would be completely eliminated. Moreover, regardless of any such finding, the PTO's analysis of the prior art will undoubtedly affect claim construction as the PTO can cancel or amend one or more claims of a reexamination patent in light of newly considered prior art. 35 U.S.C. § 307(a).[10]

Moreover, reexamination of the '085 Patent will undeniably impact this Court's resolution of many issues relating to both the '085 and '769 Patents, including claim construction and prior art. The '085 and '769 Patents are directed to similar subject matter and use some of the same claim terms. While the '769 patent is not in reexamination and RTI may argue that the case should proceed on the '769 patent, the related nature of the subject matter and the overlap of claim terms weigh in favor or stay. In a similar situation, Judge Sleet ordered a stay pending

---

[10] PTO statistics demonstrate that in the 25 years since the start of ex parte reexamination, the claims are either cancelled outright or changed 74% of the time. *See* Baron Decl., Ex. D, PTO *Ex Parte* Reexamination Filing Data, March 31, 2006. Indeed, here the PTO has already rejected all of the assertable claims of the '085 patent. *See* Baron Decl., Ex. B at 3-25, PTO Reexamination Action, dated May 21, 2007.

-11-

reexamination of patent related to the patent in suit even though the patent in reexamination was not being asserted. *See Alloc*, 2003 WL 21640372. In *Alloc*, Judge Sleet stayed litigation pending reexamination citing four specific benefits:

> (1) many discovery issues relating to prior art may be alleviated; (2) the record of the reexamination likely would be entered at trial; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences following a reexamination; and (4) the outcome of the reexamination process may encourage settlement without further involvement of the court.

*Alloc*, 2003 WL 21640372, at *2. Each of these cited benefits applies here.

### 3. Discovery Has Not Begun And A Trial Date Is Not Set

The third factor in determining whether this litigation should be stayed weighs heavily in favor of stay. This motion is Qwest's initial pleading. No discovery has been taken and the Court has not held a scheduling conference (although one is scheduled for October 5, 2007). A stay here would prevent any party from incurring substantial litigation expenses before the PTO has finally ruled on the '085 patent. *See Alloc*, 2003 WL 21640372, at *3.

Qwest therefore respectfully requests that this Court stay all proceedings in this matter pending reexamination of the '085 Patent.

## III. CONCLUSION

In view of the clear evidence of noninfringement and the invalidity of the '085 Patent claims, RTI's Complaint, or portions thereof, should be dismissed for failure to state a claim upon which any relief whatsoever can be granted.

Alternatively, the Court should stay this action pending completion of the '085 reexamination.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1.4, Qwest hereby requests that this Court set this motion for oral argument. Qwest believes that oral argument would assist the Court in considering the motion. Qwest respectfully requests that the motion be set for hearing as soon as practicable.

Respectfully submitted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Steven M. Bauer
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
(617) 526-9600
sbauer@proskauer.com

*Attorneys for Qwest Communications Corporation and Qwest Communications International, Inc.*

Dated: September 28, 2007

---

*Pro Hac Vice* Application pending.

-13-

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on September 28, 2007, I caused to be electronically filed a true and correct copy of Defendants' Brief In Support Of Their Motion To Dismiss Plaintiff's Complaint Or, In The Alternative, For A Stay Pending Reexamination Of U.S. Patent No. 5,425,085 with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Mary B. Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

I further certify that on September 28, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

### BY E-MAIL

James B. Hicks, Esquire
Hicks Park LLP
824 Wilshire Blvd., Suite 300
Los Angeles, CA 90017
jhicks@hicksparklaw.com

/s/ Melanie K. Sharp
Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com