# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | | |
|---|---|---|---|---|
| BEN T. CASTLE | ROBERT S. BRADY | | JOSEPH M. BARRY | JENNIFER M. KINKUS |
| SHELDON N. SANDLER | JOEL A. WAITE | THE BRANDYWINE BUILDING | RYAN M. BARTLEY | EDWARD J. KOSMOWSKI |
| RICHARD A. LEVINE | BRENT C. SHAFFER | 1000 WEST STREET, 17TH FLOOR | SEAN M. BEACH | EVANGELOS KOSTOULAS |
| RICHARD A. ZAPPA | DANIEL P. JOHNSON | WILMINGTON, DELAWARE 19801 | SANJAY BHATNAGAR | JOHN C. KUFFEL |
| FREDERICK W. IOBST | CRAIG D. GREAR | | DONALD J. BOWMAN, JR. | TIMOTHY E. LENGKEEK |
| RICHARD H. MORSE | TIMOTHY JAY HOUSEAL | P.O. BOX 391 | MICHELE SHERRETTA BUDICAK | ANDREW A. LUNDGREN |
| DAVID C. MCBRIDE | MARTIN S. LESSNER | WILMINGTON, DELAWARE 19899-0391 | JEFFREY T. CASTELLANO | MATTHEW B. LUNN |
| JOSEPH M. NICHOLSON | PAULINE K. MORGAN | | DOUGLAS T. COATS (MD ONLY) | ADRIA B. MARTINELLI |
| CRAIG A. KARSNITZ | C. BARR FLINN | (302) 571-6600 | KARA HAMMOND COYLE | KATHALEEN MCCORMICK |
| BARRY M. WILLOUGHBY | NATALIE WOLF | (800) 253-2234 (DE ONLY) | KRISTEN SALVATORE DEPALMA | MICHAEL W. MCDERMOTT |
| JOSY W. INGERSOLL | LISA B. GOODMAN | FAX: (302) 571-1253 | MARGARET M. DIBIANCA | TAMMY L. MERCER |
| ANTHONY G. FLYNN | JOHN W. SHAW | | MARY F. DUGAN | MARIBETH L. MINELLA |
| JEROME K. GROSSMAN | JAMES P. HUGHES, JR. | | ERIN EDWARDS | D. FON MUTTAMARA-WALKER |
| EUGENE A. DIPRINZIO | EDWIN J. HARRON | 110 WEST PINE STREET | KENNETH J. ENOS | JENNIFER R. NOEL |
| JAMES L. PATTON, JR. | MICHAEL R. NESTOR | P.O. BOX 594 | KERRIANNE MARIE FAY | ADAM W. POFF |
| ROBERT L. THOMAS | MAUREEN D. LUKE | GEORGETOWN, DELAWARE 19947 | IAN S. FREDERICKS | ROBERT F. POPPITI, JR. |
| WILLIAM D. JOHNSTON | ROLIN P. BISSELL | (302) 856-3571 | JAMES J. GALLAGHER | SARA BETH A. REYBURN |
| TIMOTHY J. SNYDER | SCOTT A. HOLT | (800) 255-2234 (DE ONLY) | WILLIAM E. GAMGORT | CHERYL A. SANTANIELLO |
| BRUCE L. SILVERSTEIN | JOHN T. DORSEY | FAX: (302) 856-9338 | SEAN T. GREECHER | MONTÉ T. SQUIRE |
| WILLIAM W. BOWSER | M. BLAKE CLEARY | | NATHAN D. GROW | MICHAEL P. STAFFORD |
| LARRY J. TARABICOS | CHRISTIAN DOUGLAS WRIGHT | WWW.YOUNGCONAWAY.COM | STEPHANIE L. HANSEN | CHAD S.C. STOVER |
| RICHARD A. DILIBERTO, JR. | DANIELLE GIBBS | | JAMES L. HIGGINS | RICHARD J. THOMAS |
| MELANIE K. SHARP | JOHN J. PASCHETTO | DIRECT DIAL: (302) 571-6681 | PATRICK A. JACKSON | TRAVIS N. TURNER |
| CASSANDRA F. ROBERTS | NORMAN M. POWELL | DIRECT FAX: (302) 576-3333 | DAWN M. JONES | MARGARET B. WHITEMAN |
| RICHARD J.A. POPPER | ELENA C. NORMAN | msharp@ycst.com | KAREN E. KELLER | SHARON M. ZIEG |
| TERESA A. CHEEK | EDMON L. MORTON | | | |
| NEILLI MULLEN WALSH | JOHN E. TRACEY | | SPECIAL COUNSEL | SENIOR COUNSEL |
| JANET Z. CHARLTON | | | JOHN D. MCLAUGHLIN, JR. | CURTIS J. CROWTHER |
| | | | KAREN L. PASCALE | |
| | | | SETH J. REIDENBERG | OF COUNSEL |
| | | | PATRICIA A. WIDDOSS | BRUCE M. STARGATT |
| | | | | STUART B. YOUNG |
| | | | | EDWARD B. MAXWELL, 2ND |

February 1, 2008

**BY E-FILE**

The Honorable Joseph J. Farnan, Jr.
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

> Re:   *Rates Technology, Inc., v. Qwest Communications, Co., et al.*
>       C. A. No.: 07-442 (JJF)

Dear Judge Farnan:

      We represent defendants Qwest Communications Corporation and Qwest Communications International, Inc., (collectively, "Qwest") in the above captioned litigation. After our hearing on October 5, 2007, counsel for the parties were required to report the status of the reexamination by February 1, 2008. That is the purpose of this letter.

      Qwest requests that the deferral of discovery be continued two months. On January 31, 2008, counsel for Qwest spoke to the examiner by telephone, requesting an update on the reexamination. The examiner indicated that he would be issuing a decision "in the next two weeks." He could not indicate whether the decision would be a rejection or otherwise.

      In addition, we learned that Plaintiff had not informed the examiner about the present litigation, as required by Patent Office rules. *See* 37 C.F.R. §1.565(a) ("In an *ex parte* proceeding before the Office, the patent owner must inform the Office of any prior or concurrent proceedings in which the patent is or was involved such as interferences . . . or litigation and the results of such proceedings"). Because Plaintiff had not done so, counsel for Qwest informed the examiner about this litigation, and has now sent the examiner materials related to this litigation and to a related litigation between Plaintiff and its attorney, Hicks. (Cover letter attached as Exhibit A).

DB02:6546742.1                                                                                                             066550.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
February 1, 2008
Page 2

      It should be noted that since the deferral was granted in this case, Plaintiff and Hicks have entered into litigation in which Hicks has made allegations of fraud relating to the two patents-in-suit. According to Hicks:

> 13.   [RTI's present litigation counsel Robert L. Epstein] has expressed concern that RTI's president Gerald Weinberger may have backdated, forged, or otherwise falsified documents relating to the development of the inventions described in such patents, which if true, could affect the validity and enforceability of such patents.
>
> 14.   On information and belief, and if RTI's lead patent counsel is correct in his concern that RTI's president Gerald Weinberger backdated, forged, or otherwise falsified documents relating to the development of the inventions described in such patents, the claims of such patents may be and/or are invalid and/or unenforceable for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§101, 102, 103, and 112. Defendant has a reasonable basis for making the allegations contained in this paragraph, and believes they are likely to have evidentiary support after reasonable opportunity for further investigation or discovery.

Counterclaim and Third Party Complaint, filed January 28, 2008, at Paras. 13-14 (attached as Exhibit B).

      Because the examiner has indicated that a decision on the reexamination is imminent and because that decision may materially affect the positions of the parties in this case, Qwest asks that the court continue the deferral of discovery two months, and require the parties to update the court as soon as the patent office issues its ruling on the reexamination.

      Respectfully,

      /s/ Melanie K. Sharp

      Melanie K. Sharp (No. 2501)

MKS

cc:   Clerk of the Court (by Hand Delivery)
      Steven M. Bauer, Esquire (by e-mail)
      Mary B. Matterer, Esquire (by e-mail)
      Robert L. Epstein, Esquire (by e-mail)

# EXHIBIT A

**PROSKAUER ROSE LLP**

One International Place
Boston, MA 02110-2600
Telephone 617.526.9600
Fax 617.526.9899

BOCA RATON
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Steven M. Bauer**
Member of the Firm

Direct Dial 617.526.9700
sbauer@proskauer.com

February 1, 2008

**By USPS Express Mail**

Mail Stop *Ex Parte* Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Re: **Third-Party Submission Pursuant to MPEP 2282 for U.S. Patent No. 5,425,085 -- Reexamination No. 90/007,939**

Dear Sir:

We write pursuant to MPEP 2282 to inform you of litigations involving U.S. Patent No. 5,425,085 ("the '085 patent") under reexamination before the Patent Office.

On July 16, 2007, the patentee, Rates Technology, Inc. ("Rates" or "RTI"), sued Qwest Communications Corporation and Qwest Communications International, Inc. (collectively "Qwest") for infringement of the '085 patent in the United States District Court for the District of Delaware, Civil Action 1:07-cv-00442-JJF. At an October 5, 2007 hearing, the Court granted a four month stay in order to give time for further action on the reexamination.

We enclose the following documents for your review and entry into the reexamination file:

**Exhibit 1**: Rates' Complaint for Patent Infringement Against Qwest

**Exhibit 2**: Qwest's Motion and Brief in Support of its Motion to Dismiss Rates' Complaint, or in the Alternative, For a Stay Pending Reexamination of the U.S. Patent No. 5,425,085

**Exhibit 3**: Rates' Brief in Opposition to Qwest's Motion

**Exhibit 4**: Qwest's Reply Brief in Support of Its Motion

**PROSKAUER ROSE LLP**

Third-Party Submission Pursuant to MPEP 2282 for U.S. Patent No. 5,425,085
February 1, 2008
Page 2

**Exhibit 5**:   Transcript of the October 5, 2007 Court Hearing Granting Rates' Motion to Stay

We also draw your attention to separate litigation in the Central District of California, Case No. CV 07-8182 GPS (CWx), where Rates has sued its attorneys, including Mr. James Hicks, for professional malpractice and other wrongdoings. Rates' prosecution counsel in the reexamination, Mr. Epstein, has had his law firm brought in as third-party defendant in this action.

We enclose the following document from this litigation:

**Exhibit 6**:   Hicks' Counterclaim and Third-Party Complaint for Declaratory Relief Filed January 28, 2008

We direct your attention to paragraphs 13-14, where Hicks alleges:

13.   An actual controversy, within the meaning of 28 U.S.C. §§2201-02, exists between RTI on the one hand, and Defendant [Hicks] on the other hand, on the invalidity and enforceability of such patents, in that RTI's lead patent counsel Robert L. Epstein, with the Epstein law firm, has expressed concern that RTI's president Gerald Weinberger may have backdated, forged, or otherwise falsified documents relating to the development of the inventions described in such patents, which if true, could affect the validity and enforceability of such patents.

14.   On information and belief, and if RTI's lead patent counsel is correct in his concern that RTI's president Gerald Weinberger may have backdated, forged, or otherwise falsified documents relating to the development of the inventions described in such patents, the claims of such patents may be and/or are invalid and/or unenforceable for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§101, 102, 103, and 112. Defendant [Hicks] has a reasonable basis for making the allegations contained in this paragraph, and believes they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**PROSKAUER ROSE LLP**

Third-Party Submission Pursuant to MPEP 2282 for U.S. Patent No. 5,425,085
February 1, 2008
Page 3

    Thank you for your consideration.

                Respectfully submitted,

                QWEST COMMUNICATIONS CORPORATION AND
                QWEST COMMUNICATIONS INTERNATIONAL, INC.

                By their attorneys,

                PROSKAUER ROSE LLP

                */s/ Steven M. Bauer*

                Steven M. Bauer
                Reg. No. 31,481

Enclosures

# EXHIBIT B

**JAMES B. HICKS. SBN 109117**
**GARY W. PARK, SBN 173390**
**HICKS | PARK LLP**
824 Wilshire Boulevard, Suite 300
Los Angeles, California 90017
Telephone: (213) 612-0007
Fax: (213) 612-0373
gpark@hicksparklaw.com

Attorneys for Defendant, Counterclaimant,
and Third-Party Plaintiff Hicks | Park LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RATES TECHNOLOGY INC., <br><br> Plaintiff, <br> vs. <br> JAMES B. HICKS, et al., <br><br> Defendants. <br><br> HICKS \| PARK LLP, <br><br> Counterclaimant and Third-Party Plaintiff, <br> vs. <br> RATES TECHNOLOGY INC., a Delaware corporation; and DOES 1-25, <br><br> Counterclaim-defendants, <br> and <br> EPSTEIN DRANGEL BAZERMAN & JAMES, LLP, a New York limited liability partnership; LAZER, APTHEKER, ROSELLA & YEDID, P.C., a New York professional corporation; and DOES 26-50, <br><br> Third-Party Defendants. | Case No. CV 07-8182 GPS (CWx) <br><br><br><br><br><br><br><br><br><br><br> **COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR DECLARATORY RELIEF** <br><br><br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

Defendant, Counterclaimant and Third-Party Plaintiff Hicks | Park LLP ("Defendant"), files this counterclaim and third-party complaint, on the grounds that such allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

1

**COUNTERCLAIM AND THIRD-PARTY COMPLAINT; DEMAND FOR JURY TRIAL**

1. Counterclaim-Defendant Rates Technology Inc. ("RTI") is a corporation formed under the laws of the State of Delaware, with its principal place of business in New York, and is a plaintiff who has submitted to the jurisdiction of this Court.

2. Upon information and belief, Third-Party Defendant Epstein Drangel Bazerman & James, LLP ("Epstein") is a limited liability partnership formed under the laws of the State of New York, with its principal place of business in New York, formed of partners who are citizens and residents of the State of New York. Epstein is named as a Cross-Claim-Defendant under Fed.R.Civ.P. 14(a), on the grounds that it may be liable to the Defendant for all or part of a claim asserted by the Plaintiffs in the action against the Defendant.

3. Upon information and belief, Third-Party Defendant Lazer, Aptheker, Rosella & Yedid, P.C. ("Lazer") is a professional corporation formed under the laws of the State of New York, with its principal place of business in New York. Lazer is named as a Cross-Claim-Defendant under Fed.R.Civ.P. 14(a), on the grounds that it may be liable to the Defendant for all or part of a claim asserted by the Plaintiffs in the action against the Defendant.

4. Defendant, Counterclaimant, and Third-Party Plaintiff Hicks | Park LLP is a defendant in this action, and is a limited liability partnership formed under the laws of the State of California, with its principal place of business in this judicial disctrict, formed of partners who are citizens and residents of the State of California.

5. The Court has subject matter jurisdiction over the patent declaratory relief claims alleged below under 28 U.S.C. §§1331, 1338 and 2201-02.

6. The Court has subject matter jurisdiction over the other claims alleged below under 28 U.S.C. §§1332(a) and 2201-02; and under 28 U.S.C. §1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), since they require the resolution of substantial questions of patent law, and are so related to the patent

claims in this case within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper under 28 U.S.C. §1391(a). The counterclaim also responds to plaintiff RTI's complaint filed in this Court.

8. Counterclaim-Defendants Does 1 through 25 are sued under fictitious names. Defendant is informed and believes, and on that basis alleges, that each Counterclaim-Defendant sued under such fictitious name is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Counterclaim-Defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner and employee with the permission and consent of the other Counterclaim-Defendants.

9. Third-Party Defendants Does 26 through 50 are sued under fictitious names. Defendant is informed and believes, and on that basis alleges, that each Third-Party Defendant sued under such fictitious name is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Third-Party Defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner and employee with the permission and consent of the other Third-Party Defendants.

**FIRST CLAIM FOR DECLARATORY RELIEF**

(By Defendant Against RTI and Does 1-25)

10. Defendant repeats the allegations in paragraphs 1 through 9 above, as if stated in full herein.

11. RTI is the owner of United States Patent number 5,425,085 (the " '085 Patent"), for inventions relating to the routing of telephone calls based upon cost; and of United States Patent Number 5,519,769 (the " '769 Patent"), for inventions relating to a method for updating a database in a telephone call routing system.

1      12.   RTI's complaint alleges that Defendant through its partner Jim Hicks engaged in professional malpractice and other torts and wrongful conduct in connection with litigation concerning such patents, and that as a result of such alleged conduct, RTI was supposedly damaged.

    13.   An actual controversy, within the meaning of 28 U.S.C. §§2201-02, exists between RTI on the one hand, and Defendant on the other hand, on the invalidity and enforceability of such patents, in that RTI's lead patent counsel Robert L. Epstein, with the Epstein law firm, has expressed concern that RTI's president Gerald Weinberger may have backdated, forged, or otherwise falsified documents relating to the development of the inventions described in such patents, which if true, could affect the validity and enforceability of such patents.

    14.   On information and belief, and if RTI's lead patent counsel is correct in his concern that RTI's president Gerald Weinberger may have backdated, forged, or otherwise falsified documents relating to the development of the inventions described in such patents, the claims of such patents may be and/or are invalid and/or unenforceable for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§101, 102, 103, and 112. Defendant has a reasonable basis for making the allegations contained in this paragraph, and believes they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

    15.   Accordingly, Defendant is entitled to declaratory relief as to whether the claims of RTI's '085 and '769 patents are invalid and/or unenforceable for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§101, 102, 103, and 112, in that such invalidity and/or unenforceability would affect the amount of damages sought by RTI in its malpractice and other claims in this case. Defendant has a reasonable basis for making the allegations contained in this paragraph, and believes they are

4
**COUNTERCLAIM AND THIRD-PARTY COMPLAINT; DEMAND FOR JURY TRIAL**

1  likely to have evidentiary support after a reasonable opportunity for further
2  investigation or discovery.
3      16.    Defendant is further entitled to an award of its damages against RTI
4  under the Declaratory Relief Act, 28 U.S.C. §§2201-02, in an amount to be proven
5  at trial.

### SECOND CLAIM FOR DECLARATORY RELIEF

(By Defendant against Epstein and Does 26-50)

8      17.    Defendant repeats the allegations in paragraphs 1 through 16 above, as
9  if stated in full herein.
10     18.    As more fully alleged above, RTI is the owner of the '085 and '769
11 Patents, and alleges that Defendant through its partner Jim Hicks supposedly
12 engaged in professional malpractice and other torts and wrongful conduct in
13 connection with litigation concerning such patents, and that as a result of such
14 alleged conduct, RTI was supposedly damaged.
15     19.    In connection with such litigation, Defendant at all relevant times
16 relied upon the Epstein law firm, and in particular upon Robert L. Epstein, for
17 advice and counsel with respect to patent law issues, and also to some extent with
18 respect to New York law and local procedural issues.
19     20.    An actual controversy, within the meaning of 28 U.S.C. §§2201-02,
20 exists between Epstein on the one hand, and Defendant on the other hand, as to
21 whether Epstein gave Defendant correct legal advice as to such legal and procedural
22 issues, since if the alleged wrongful conduct of Defendant's partner Jim Hicks was
23 based in whole or in part upon such legal advice and it was wrong, Defendant is
24 entitled to indemnity from Epstein, and Epstein may be liable to the Defendant for
25 all or part of a claim asserted in the action by RTI against the Defendant.
26     21.    On information and belief, if Epstein gave Defendant incorrect legal
27 advice as to such legal and procedural issues, and if the alleged wrongful conduct of
28 Defendant's partner Jim Hicks was based in whole or in part upon such incorrect

legal advice, Defendant is entitled to indemnity from Epstein, and Epstein may be liable to the Defendant for all or part of a claim asserted in the action by RTI against the Defendant.

22. Accordingly, Defendant is entitled to declaratory relief as to whether Epstein gave Defendant incorrect legal advice as to such legal and procedural issues, since if the alleged wrongful conduct of Defendant's partner Jim Hicks was based in whole or in part upon such incorrect legal advice, Defendant is entitled to indemnity from Epstein, and Epstein may be liable to the Defendant for all or part of a claim asserted in the action by RTI against the Defendant.

23. Defendant is further entitled to an award of its damages against Epstein under the Declaratory Relief Act, 28 U.S.C. §§2201-02, in an amount to be proven at trial.

### THIRD CLAIM FOR DECLARATORY RELIEF

(By Defendant against Lazer and Does 26-50)

24. Defendant repeats the allegations in paragraphs 1 through 23 above, as if stated in full herein.

25. As more fully alleged above, RTI is the owner of the '085 and '769 Patents, and alleges that Defendant through its partner Jim Hicks supposedly engaged in professional malpractice and other torts and wrongful conduct in connection with litigation concerning such patents, and that as a result of such alleged conduct, RTI was supposedly damaged.

26. In connection with such litigation, Defendant at all relevant times primarily relied upon the Lazer law firm, and in particular upon David Lazer, for advice and counsel with respect to New York law and local procedural issues.

27. An actual controversy, within the meaning of 28 U.S.C. §§2201-02, exists between Lazer on the one hand, and Defendant on the other hand, as to whether Lazer gave Defendant correct legal advice as to such legal and procedural issues, since if the alleged wrongful conduct of Defendant's partner Jim Hicks was

based in whole or in part upon such legal advice and it was wrong, Defendant is entitled to indemnity from Lazer, and Lazer may be liable to the Defendant for all or part of a claim asserted in the action by RTI against the Defendant.

28. On information and belief, if Lazer gave Defendant incorrect legal advice as to such legal and procedural issues, and if the alleged wrongful conduct of Defendant's partner Jim Hicks was based in whole or in part upon such incorrect legal advice, Defendant is entitled to indemnity from Lazer, and Lazer may be liable to the Defendant for all or part of a claim asserted in the action by RTI against the Defendant.

29. Accordingly, Defendant is entitled to declaratory relief as to whether Lazer gave Defendant incorrect legal advice as to such legal and procedural issues, since if the alleged wrongful conduct of Defendant's partner Jim Hicks was based in whole or in part upon such incorrect legal advice, Defendant is entitled to indemnity from Lazer, and Lazer may be liable to the Defendant for all or part of a claim asserted in the action by RTI against the Defendant.

30. Defendant is further entitled to an award of its damages against Lazer under the Declaratory Relief Act, 28 U.S.C. §§2201-02, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment, as follows:

1. For judicial declarations and declaratory relief as described above;

2. For awards of its damages under the Declaratory Relief Act, 28 U.S.C. §§2201-02, in amounts to be proven at trial;

3. For an order holding that such damages awards are not dischargeable in bankruptcy or otherwise;

4. For an award of its costs, expenses, and disbursements incurred in this action, including an award of its attorney's fees, as applicable; and

5. For such other and further relief as the Court may deem just and proper.

**COUNTERCLAIM AND THIRD-PARTY COMPLAINT; DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Defendant requests a trial by jury on all issues so triable.

Dated: January 28, 2008

HICKS | PARK LLP

By: /s/ Gary W. Park
Gary W. Park
Attorneys for Defendant, Counterclaimant,
and Third-Party Plaintiff Hicks | Park LLP

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 824 Wilshire Boulevard, Suite 300, Los Angeles, California 90017.

On January 28, 2008, I served the foregoing document on the interested parties in this action by placing [ ] the original **[X]** a true copy thereof enclosed in sealed envelope(s) addressed as follows:

John M. Moscarino, Esq.          George M. Lindahl, Esq.
Moscarino & Connolly, LLP        Lindahl Beck LLP
11911 San Vicente Blvd., Suite 324   660 S. Figueroa St., Suite 1500
Los Angeles, California 90049-6616   Los Angeles, CA 90017-3457

**[X] BY ELECTRONIC MAIL**
I caused the foregoing document to be transmitted to the interested parties.

**[ ] BY MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ] BY PERSONAL SERVICE**
I caused the WORLD WIDE ATTORNEY SERVICES, INC., to personally deliver such envelopes by hand to the offices and/or resident addresses of the persons on the attached list.

**[ ] BY FEDERAL EXPRESS**
I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive, a copy of the document described above together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed as per the attached mailing list.

Executed on January 28, 2008, at Los Angeles, California.

**[ ] STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[X] FEDERAL** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Diane Miller

9
**COUNTERCLAIM AND THIRD-PARTY COMPLAINT; DEMAND FOR JURY TRIAL**