# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

February 4, 2008

Honorable Joseph J. Farnan, Jr.
U.S. District Court Judge
  for the District of Delaware
844 King Street
Wilmington, DE  19801

        Re:    Rates Technology Inc v. Qwest Communications Corporation, et al.
                Civil Action No. 07-442 (JJF)

Dear Judge Farnan:

      We represent plaintiff in the above captioned case.  This letter is further to our letter of January 31, 2008 and in response to defendants' letter of February 1, 2008 requesting that the stay in this case be continued based upon a conversation with the examiner in charge of the reexamination in which defendants' counsel says he was told that a decision on RTI's submission will be forthcoming "in the next two weeks."

      Plaintiff's counsel has been in touch with the examiner in charge of the reexamination periodically since RTI's submission and each time has been told the same thing by the examiner as was told to defendants' counsel, that the decision will be rendered within two weeks. The problem is that each time, the examiner has failed to issue the decision as promised.  It is therefore doubtful he will do so this time.

      When the decision on RTI's submission to the patent office is actually issued, unless the patentability of all of RTI's patent claims, and of RTI's newly submitted claims, is confirmed, the reexamination will not be concluded. Instead, it will be many months before a final determination will be reached.  Thus, the decision that defendants ask the Court to wait for, will not even resolve the validity issues regarding the patent under reexamination, except if same is completely in RTI's favor, and certainly will have no bearing whatsoever on the other RTI patent involved in this case.

      Defendants submit a copy of a Counterclaim and Third-Party Complaint filed in a malpractice case brought by RTI against James Hicks and his law firm, RTI's former litigation counsel. In that pleading, Mr. Hicks attempts to shift the blame for his alleged malpractice by making a baseless, hearsay accusation as to some unspecified "concern" with respect to the validity of the RTI patents that was allegedly expressed to Mr. Hicks by patent counsel when Mr. Hicks was RTI's litigation counsel.  Not only is it totally untrue that any such "concern" was ever expressed to Mr. Hicks by patent counsel, the underlying accusation as to the validity of the RTI patents is also entirely without merit.  Attached hereto as Exhibit 1 is the Declaration of Robert Epstein, Patent Counsel to Rates Technology, Inc. denying these allegations.

The Honorable Joseph J. Farnan, Jr.
February 4, 2008
Page Two

**Morris James** LLP

Perhaps defendants' counsel did not know that two days prior to the date of its submission to this Court, and its submission to the patent examiner, the judge in the Hicks' malpractice case had actually stricken the pleading in question. Perhaps defendants' counsel also did not know that on the day before their submissions, the Third–Party Complaint was again filed, but that time without the accusation in question. That the Counterclaim was again filed with the bogus accusation does not excuse the fact that defendants' submissions were in fact inaccurate at the time they were filed.

Aside from the issue of the propriety of defendants' counsel bringing Hicks' irrelevant pleading into this case, and reporting it to the patent office, the result of same may well be to further delay the rendering of the decision in the reexamination. Defendants should not be rewarded by extending the stay in this case on the basis of its own counsel's questionable actions.

Defendants' submission to the patent office aside from being inaccurate, if not misleading, is improper. The patent office rule requires that a patent owner provide the examiner with information regarding the existence of litigations in which a patent under reexamination is involved and the results thereof. Accordingly, RTI's last submission included a list of litigations involving the RTI patent and the status thereof, as of the date it was originally submitted in June of 2007.

The rule does permit third party submissions including notices of suits and copies of decisions or papers filed in court in litigations involving the patent. However, RTI's malpractice lawsuit does not in any real sense involve the validity of the patent under reexamination and RTI will urge the examiner to disregard the pleading submitted by defendants' counsel in accordance with the portion of the rule under which defendants' submission was made that states: "Where a submission is not limited to bare notice of the prior or concurrent proceedings (in which a patent undergoing reexamination is or was involved) the submission will be returned by the Office."

Regarding defendants' submission to the patent office of the pleadings in the case before this Court, as this Court well knows, there has been no determination affecting the validity of the patent under reexamination. In fact, defendants have not yet even asserted a counterclaim for invalidity of the patent under reexamination in this case. They have only (improperly) argued that the RTI patent is invalid based upon the preliminary rejection of the claims of the RTI patent in the reexamination.

Defendants should not benefit from their counsel's inappropriate actions in an attempt to persuade this Court to further extend the stay.

Very truly yours,

Mary B. Matterer

cc: Clerk of the Court
    Melanie K. Sharp, Esq.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------

RATES TECHNOLOGY INC.,

        **Plaintiff,**

        v.

QWEST COMMUNICATIONS
CORPORATION AND QWEST
COMMUNICATIONS
INTERNATIONAL, INC.,

        **Defendants**

-------------------------------------------------

Civil Action No. 07-442(JJF)

## DECLARATION OF ROBERT L. EPSTEIN

I, Robert L. Epstein, hereby declare:

    1.    I am a partner in Epstein Drangel Bazerman & James, LLP, a law firm specializing in intellectual property matters, located at 60 East 42nd Street, Suite 820, New York, New York 10165. I am counsel of record for plaintiff, Rates Technology Inc., in this case. The matters stated below are true of my own knowledge, and if called as a witness, I could and would testify truthfully to the same.

1

2.     I make this declaration with regard to the submission of defendants' counsel in this case dated February 1, 2008.

3.     I am a patent attorney registered to practice before the United States Patent and Trademark Office (USPTO) since 1973. I have over thirty years experience in preparing and prosecuting patent applications, and representing clients in related patent matters, before the USPTO.

4.     I am admitted in good standing to practice before the courts of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, the Court of Appeals for the Second Circuit, the Court of Appeals for the Federal Circuit and the Supreme Court of the United States of America.

5.     Over the last twenty two years, I have represented Rates Technology Inc. (RTI) on a number of intellectual property matters including: (a) the original prosecution before the USPTO of the applications upon which U.S. Patent Nos. 5,425,085 ('085) and U.S. Patent No. 5,579,769 ('769), the RTI patents involved in this lawsuit (collectively the "RTI patents") are based, leading to the allowance of each of the RTI patents; (b) the 1999 reexamination by the USPTO of each of the RTI patents, leading to the confirmation of the validity of all of the claims of each of the RTI patents; and (c) the current reexamination by the USPTO of the '085 patent. As a result, I am familiar with both of the RTI patents involved in this case, the prosecution history of each RTI patent, the reexamination history of each RTI patent and the references considered by the USPTO in conjunction with the original prosecution of each of the RTI patents, the 1999 reexaminations of each of the RTI patents and the current reexamination of the '085 patent.

2

6.    I have also provided litigation support to RTI's counsel James Hicks in a variety of litigations involving the patents asserted in this lawsuit by RTI.

7.    I have reviewed defendants' counsel's letter to this Court dated February 1, 2008 and the exhibits thereto, including the Counterclaim and Third-Party Complaint filed January 28, 2008 in the malpractice case brought by plaintiff against James B. Hicks and his law firm entitled: *Rates Technology Inc. v James B. Hicks, et al.*, pending in the United States District Court for the Central District of California, Case No. CV 07-8182 GPS (CWx).

8.    The purpose of this Declaration is to state on the record that allegation stated in paragraphs 13 and 14 of the above mentioned pleading that "RTI's lead patent counsel, Robert L. Epstein, with the Epstein law firm, has expressed concern that RTI's president Gerald Weinberger may have backdated, forged, or otherwise falsified documents relating to the development of the inventions described in such patents" is totally without merit and completely baseless and false. I never expressed such a concern to anyone, at any time, including Mr. Hicks and I have no idea what is being referred to in that statement.

9.    Further, I have no knowledge of RTI's president Gerald Weinberger having backdated, forged, or otherwise falsified any document relating to the development of the inventions described in any RTI patent, including United States Patent No. 5,425,085, the patent involved in the reexamination and one of the patents asserted in this action, as well as United States Patent No.5,519,769, the other patent asserted in this litigation.

10.    Upon reviewing the pleading in question, I placed a telephone call to Mr. Parks, the attorney who signed the pleading. I asked Mr. Parks to tell me what the basis

3

was for the above allegation. His response was: "I made the allegation in the pleading based upon what Jim (Mr. Hicks) told me."

11. At a later time, I called Mr. Hicks and asked Mr. Hicks, with Mr. Parks present on the telephone, what it was that he told Mr. Parks that was the basis for the above allegation. Mr. Hicks refused to tell me.

12. I therefore must conclude, based upon my personal knowledge of the situation and upon my telephone conversations with Mr. Parks and with Mr. Hicks, that there is no basis for Mr. Hicks or Mr. Park making the allegation in question.

Executed this 4th day of February 2007, at New York City, New York

Robert L. Epstein

4