# Morris James LLP

April 1, 2008

The Honorable Joseph J. Farnan, Jr.
U.S. District Court Judge
for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *Rates Technology Inc v. Qwest Communications Corporation et al.*
             *Civil Action No. 07-442 (JJF)*

Dear Judge Farnan:

      We are counsel to plaintiff, Rates Technology, Inc. in the above captioned case. We write in response to the letter from Mary Dugan on behalf of defendants dated March 31, 2008, and in particular to address certain inaccurate statements of law and procedure set forth in that letter.

      Although there has been a "final" rejection issued in the Reexamination, it is not true that: (a) *all* assertable claims of the '085 patent are *finally* rejected as unpatentable; (b) the final rejection *closes* the prosecution on the '085 reexamination; or (c) same effectively bars Defendant (sic) Rates from making further comment or amendment to any assertable claims for the Examiner's consideration, as Ms. Dugan proclaims.

      The conclusion of a reexamination is governed by 35 USC § 307 (a), which reads:

> § 307 **Certificate of patentability, unpatentability, and claim cancellation**
>
> (a) In a reexamination proceeding under this chapter, when the time for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.

500 Delaware Avenue, Suite 1500 | Wilmington, DE 19801-1494  T 302.888.6800  F 302.571.1750
Mailing Address  P.O. Box 2306 | Wilmington, DE 19899-2306  www.morrisjames.com

The Honorable Joseph J. Farnan, Jr.
April 1, 2008
Page 2

      Thus, the "final" rejection does not mean that the claims are *finally* rejected as unpatentable, it by no means closes the prosecution of the '085 reexamination nor does it bar plaintiff from making further comment or amendment to the claims. To the contrary, the above noted statute explicitly states that a reexamination is not over until the time for appeal has expired or any appeal proceeding has terminated and a certificate canceling any claim finally determined to be unpatentable is issued.

      As the record in the Reexamination clearly reflects, the patentability of claims 6 and 17 of the patent has been confirmed. Thus, all of the claims of '085 have not been rejected in the Reexamination.

      What the record does not yet reflect is that RTI has recently submitted to the Patent Office a detailed request for reconsideration of the rejections of all other claims. The Reexamination Examiner will now consider the additional arguments in favor of patentability, and a newly submitted declaration, in that submission and if found compelling, will withdraw the rejections of some or all of the claims. Thus, the prosecution is not closed and RTI is not barred from making further comment or amendment. Clearly, it is not true that plaintiff's "only recourse" is to appeal at this point in time.

      Should RTI's request for reconsideration not result in a reversal of the rejections and confirmation of the patentability of the rejected claims, RTI has the right to and intends to appeal the rejections to the Board of Patent Appeals and Interferences, and if need be, to the U.S. Court of Appeals for the Federal Circuit. Accordingly, the rejection of some of the claims in the '085 patent is far from "final" and will not become final until all appeals have be concluded, which undoubtedly will require considerable time.

      Further, plaintiff respectfully reminds the Court that the '085 patent is only one of two patents asserted in this case asserted against defendants. Accordingly, this case should not be delayed further and the stay should not be continued.

Respectfully,

Mary B. Matterer (#2696)

mbm/tmp

cc: Clerk of the Court
    Mary F. Dugan, Esquire