UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RATES TECHNOLOGY INC.,

          Plaintiff,                        Civil Action No. 07-442 (J JF)

        v.

QWEST COMMUNICATIONS CORPORATION
AND QWEST COMMUNICATIONS INTERNATIONAL,
INC.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CONTINUE STAY**

Plaintiff Rates Technology Inc. ("RTI") opposes the motion by defendants Qwest

Communications Corporation and Qwest Communications International Inc. ("Qwest")

to continue the stay in this action pending the conclusion of all proceedings, including all

appeals, arising out of the current reexamination of the '085 patent.

Qwest's motion grossly mischaracterizes the situation regarding the status of the

reexamination of US. Pat. No. 5,425,085 (the "'085 Patent").  It also does not take into

account that the Court has scheduled the trial of this case for June 1, 2009, a date which

this Court has emphasized is "immovable" and that the Court has already ruled that no

further extensions of the stay will be granted.[1]

---

[1] It should be noted that D.Del.LR 7.1.1 requires every nondispositive motion to
be accompanied by "an averment of counsel for the moving party that a reasonable effort
has been made to reach agreement with the opposing party on the matters set forth in the
motion."  No such attempt to reach agreement was made.  The rule further provides that
"[u]nless otherwise ordered, failure to so aver may result in dismissal of the motion."
Qwest's motion should therefore be denied for the additional reason of failure to meet and
confer and file a Rule 7.1.1 Certification in compliance with the local rule.

1

The stay in this case was granted at the initial conference, which took place on October 5, 2007, over six months ago. At that time, the Court stated (see page 22 of the transcript, Exhibit A hereto) that: "The trial date is immovable. That will occur as scheduled." Further, with respect to defendants' motion to dismiss, the Court said that "… depending on the state of the patents come January, if we're moving forward in this litigation because nothing definitive is happening in the Patent Office, I'll decide that motion in January of 2008."

Qwest requested a second stay. On February 26, 2008, the Court granted the second stay, stating: "No further extensions will be granted."

In spite of that, Qwest now requests a third stay, this time until a final determination of the '085 reexamination. The stay that Qwest now seeks is until a time, which in the unlikely event that an appeal of the decision by the reexamination panel is required, well after the "immovable" trial date set in this case. See Para. 14 of Declaration of Robert L. Epstein, Exhibit B. The stay should be denied for that reason alone.

The stay now requested by Qwest should also be denied because the Court has already decided, in its Order dated February 26, 2008, that no further extensions of the stay in this case will be granted.

Further, the stay should be denied because the outcome of the '085 reexamination will not resolve the issues in this case. RTI asserts two patents against Qwest in this infringement litigation. Only one of those patents, the '085 patent, is currently under reexamination. The '769 patent is not under reexamination. That patent relates to different subject matter, a system for updating a database in a call rating device, primarily

intended but not limited to use in a pay telephone system, although it could be used in the '085 call route selection device. Thus, the reexamination of the '085 patent will not resolve the issues in this case relating to the '769 patent. See Epstein Dec., Para. 15 and 16.

The outcome of the reexamination of the '085 patent will not assist this Court in interpreting the '769 patent claims. Further, the art cited in the '085 reexamination is unlikely to have any bearing on the validity of the '769 patent.

Defendants' statements that all of the claims of the '085 patent have been finally rejected, that the 'final" rejection in the reexamination closes the prosecution and that the only course of action now available to RTI's is an appeal, mischaracterizes the situation totally. The actual status of the '085 patent reexamination is set forth in detail in paragraphs 7 – 14 of the Epstein Declaration.

Although there has been a "final" rejection issued in the reexamination, it is not true that "all assertable claims of the '085 patent are finally rejected as unpatentable" as stated in the motion, as the patentability of Claims 6 and 17 of the '085 patent has been confirmed, see defendants' Exhibit 1, at page 45.

More importantly, on March 31, 2008, RTI submitted to the Patent Office a request for reconsideration of the "final" rejection of all the rejected claims, see Exhibit 1 to the Epstein declaration. Subsequent to that, on April 3, 2008, an interview with the panel of examiners in charge of the reexamination took place at the Patent Office. In accordance with the discussion at that interview, on April 8, 2008, RTI submitted a supplemental response (Exhibit 2 to the Epstein declaration) including a clarifying amendment to the language of many of the patent claims. It is believed that same may

bring the reexamination to a speedy and, at least in RTI's view, a successful conclusion. In any case, the "final" rejection clearly does not close the prosecution of the '085 reexamination nor does it bar plaintiff from making further comment or amendment to claims.

The termination of a reexamination is governed by 35 USC § 307 (a) which reads:

§ 307 **Certificate of patentability, unpatenability, and claim cancellation**

    (a) In a reexamination proceeding under this chapter, when the time for appeal has expired or any appeal proceeding has terminated, the Director will issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable.

Thus, even if RTI is wrong and the supplemental response filed by RTI does not resolve the reexamination in its favor, the reexamination is not over until the time for appeal has expired or any appeal proceeding has terminated and a certificate canceling any claim finally determined to be unpatentable is issued.

In the event of an unfavorable decision in the reexamination, RTI has the right to appeal same to the Board of Appeals and Interferences of the United States Patent and Trademark Office. If dissatisfied with the decision from that tribunal, RTI has the right to appeal to the United States Court of Appeals for the Federal Circuit or institute a civil action against the Director of the United States Patent and Trademark Office in the United States District Court for the District of Columbia.

In short, one of two things can happen with regard to the reexamination of the '085 patent at this point. The Reexamination Panel of the United States Patent and

Trademark Office can confirm the patentability of some or all claims. That will happen within a short period of time. Otherwise, the reexamination Panel will retain the "final" rejection of the rejected the claims and a series of appeals will take place. Those appeals are likely to continue for a period of time beyond the trial date set in this case. In either case, a continuation of the stay should be denied.

Qwest relies on *NTP, Inc. v. T-Mobile USA, Inc. et al* to support its theory that the relief it now seeks (a third stay against an "immovable" trial date) is not "extraordinary". However, NTP situation was entirely different than the present case:

1.    In NTP, the trial dates had not been set. Here, the Court has set a trial date of June 1, 2009.

2.    In NTP, no responsive pleadings had been filed. Here, Qwest has a motion to dismiss (converted into a summary judgment motion) pending before the Court that has been fully briefed and ready for decision.

3.    In NTP, the reexaminations were actually "final" insofar and the reexamination examiners were concerned. Here, as is clear from the Epstein declaration, negotiations between RTI and panel of reexamination examiners are still taking place and appear likely to result in a withdrawal of many, if not all, "final" rejections.

4.    In NTP, the decision on the stay occurred almost five years after the reexaminations were instituted. By that time, the "final" rejections were actually final in so far as the reexaminations panel was concerned, they had already been appealed to the Board of Appeals and Interferences and that appeal was pending. Here, the reexamination was instituted in February of 2006, a little over two years ago and is still in

its preliminary stages. Hence, the reexamination procedure was much further along in NTP than here.

5.    In NTP, all eight patents asserted in the litigations were reexamined and found invalid. Accordingly, if those determinations were upheld on appeal, the infringement litigations would have been over. Not so here, where only one of the two patents asserted is under reexamination and thus, whatever happens in the "085 reexamination, this case will go on.

Accordingly, in view of the  trial date, the Court's Order of February 26, 2008 that no further extensions of the stay will be granted, the fact that the reexamination is still in its preliminary stages, and the fact that the '085 reexamination, regardless of the ultimate outcome, cannot resolve the issues in the case with respect to the infringement of the '769 patent, plaintiff respectfully requests that this Court deny defendants' motion and allow this case to proceed.

Dated:  April 15, 2008

_____
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Of Counsel*
Robert L. Epstein, Esq.
Epstein Drangel Bazerman & James, LLP
60 East 42nd Street, Suite 820
New York, NY  10165
212.292.5390
repstein@ipcounselors.com

Attorneys for Plaintiff
*RATES TECHNOLOGY INC.*

# EXHIBIT A

Case 1:07-cv-00442-JJF     Document 33-2     Filed 04/15/2008     Page 1 of 4

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COPY

RATES TECHNOLOGY, INC.,    )
                           )
        Plaintiff,         )
                           ) Civil Action No. 07-442-JJF
v.                         )
                           )
QWEST COMMUNICATIONS       )
CORPORATION AND QWEST      )
COMMUNICATIONS             )
INTERNATIONAL, INC.,       )
                           )
        Defendants.        )


Friday, October 5, 2007
3:04 p.m.
Courtroom 4B

844 King Street
Wilmington, Delaware

BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge


APPEARANCES:


        MORRIS, JAMES, HITCHENS & WILLIAMS
        BY:  MARY B. MATTERER, ESQ.

             -and-

        EPSTEIN, DRANGEL, BAZERMAN & JONES, LLP
        BY:  ROBERT L. EPSTEIN, ESQ.

                  Counsel for Plaintiff

Hawkins Reporting Service
715 N. King Street - Wilmington, Delaware  19801
302-658-6697

2

```
1    APPEARANCES CONTINUED:


2
          YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
3         BY:  MELANIE K. SHARP, ESQ.

4              -and-

5         PROSKAUER ROSE, LLP
          BY:  STEVEN M. BAUER, ESQ.
6
                    Counsel for Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

22

1   me even more find mindful of the money in these

2   cases.  I'm going to stay the motion to dismiss

3   that's been filed.

4            And I'm going to stay proceedings in

5   this case until January of 2008.  That trial date

6   is immovable.  That will occur as scheduled.

7            And, in essence, what's going to

8   happen in this case between today and January

9   is -- well, let me ask you this question:  You're

10  opposing brief, --

11            MR. EPSTEIN:  Yes, Your Honor.

12            THE COURT:  -- the status of that is?

13            MS. MATTERER:  We filed it last

14  night.

15            MR. EPSTEIN:  It was filed last

16  night.

17            THE COURT:  I'm going to have you

18  file your reply brief on the schedule.  And that

19  motion, depending on the status of the patents

20  come January, if we're moving forward in this

21  litigation because nothing definitive is

22  happening in the Patent Office, I'll decide that

23  motion in January of 2008.

24            So file your reply brief, and it