IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RATES TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> QWEST COMMUNICATIONS CORPORATION AND QWEST COMMUNICATIONS INTERNATIONAL, INC., <br><br> Defendants | Civil Action No. 07-442 (JJF) <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CONTINUE STAY**

Defendants Qwest Communications Corporation and Qwest Communications International, Inc. ("Qwest") hereby file their reply in support of their motion to continue the stay of this action pending the conclusion of all proceedings, including appeals, arising out of the United States Patent and Trademark Office's ("PTO") reexamination of U.S. Patent No. 5,425,085 ("the '085 Patent").[1]

### I. RTI PRESENTLY HAS NO '085 PATENT TO LITIGATE HERE

Qwest's prediction at the outset of this case has proven true -- the Patent Office has issued a *final* rejection of all claims of the '085 Patent, with the exception of two narrow dependent claims that relate to a specific physical packaging of the technology which RTI will not assert Qwest does.

---

[1] RTI argues that Qwest's motion to continue the stay should be denied on the basis that D.Del.LR 7.1.1 requires that the parties meet-and-confer before the filing of a new nondispositive motion. *See* Plaintiff's Opposition at n. 1. Qwest's motion, however, is not a new motion -- it is a renewal of that part of its prior motion to dismiss which sought a stay. RTI opposed Qwest's original motion, and has steadfastly maintained its opposition to a stay here. Indeed, counsel have spoken as recently as Wednesday, April 30, in an attempt to resolve this matter, with no success.

RTI's opposition to this motion largely relies on statements the Court made before the Patent Office's final rejection of the claims, that it would not move the trial date or grant further extensions of the stay while the patent application languished in the Patent Office. However, Qwest does not believe that the Court stayed this action to see what the Patent Office would do, only to then -- *after* the Patent Office *finally* rejected the claims -- require the parties to move ahead and litigate the very issues that the Court agreed should be stayed pending the Patent Office's determinations. The fact is, Qwest asked this Court to stay the action specifically to see if the Patent Office rejected the claims, because *if* -- as has proved out -- those claims were finally rejected, the likelihood of the Patent Office doing something to suggest there was a valid patent worth litigating here would be small to nil.

RTI's argument that the final rejection of the claims "does not close the prosecution of the '085 reexamination," while technically accurate, ignores the policy stated by the Manual of Patent Examination Procedure ("MPEP"), published by the PTO to govern, amongst other things, reexamination procedure. Specifically, MPEP §2272 states:

> *It is intended that prosecution before the examiner in a reexamination proceeding will be concluded with the final action.* Once a final rejection that is not premature has been entered in a reexamination proceeding, the patent owner no longer has any right to unrestricted further prosecution.

Ex. 1.[2] (Emphasis added). The fact that RTI continues to file "supplemental" information with the Patent Office does not change the presumption that the Court should apply here -- that the asserted claims are finally rejected and most likely invalid.

Notably, Qwest has never taken the position that the reexamination proceedings are over because of the final rejection. RTI has a number of procedural avenues it can follow to reverse

---

[2] Unless otherwise indicated, all references to "Ex. __" refer to the ordered exhibits attached to the Declaration of Jacob K. Baron in Support of Defendants' Motion to Stay ("Dec. of Baron"), sworn to May 1, 2008.

DB02:6790276.1                                                                    066550.1001

the Examiner's final decision. For example, RTI can appeal the final rejection to the Board of Patent Appeals and Interferences. RTI also filed a "request for reconsideration" on March 31, 2008, but that request, if not acted upon by the Examiner within the next month or so, will not stay RTI's obligation to file its notice of appeal. Of course, the ultimate result of any of these courses of action is anyone's guess, but all of these require RTI to convince the Patent Office to change a final decision entered with the *"inten[t] that prosecution before the examiner in a reexamination proceeding will be concluded with the final action."* Unless the Patent Office now changes course, RTI simply has nothing to litigate.

## II. IF THIS CASE PROCEEDS, THE FIRST ISSUES BEFORE THE COURT WILL BE A MOTION TO DISMISS AND SUMMARY JUDGMENT OF INEQUITABLE CONDUCT.

RTI argues that the case should be litigated now, pending the reexamination and regardless of what the Patent Office does, because it wants discovery to learn more about Qwest's case. In this regard, the Court needs to be aware of a recent Report and Recommendation from Magistrate Kathleen Tomlinson ("the Tomlinson Report"), dated March 31, 2008, in a related RTI case pending in New York. *Rates Technology, Inc. v. Mediatrix Telecom, Inc., et al.*, Case No. 05-CV-2755 (E.D.N.Y) (D.I. 155).[3] This Report, recommending the dismissal of RTI's case against Mediatrix for its failure to respond to substantive discovery, sheds significant light on RTI's allegations here, and is of particular significance with respect to the '769 Patent which RTI says should be litigated while its '085 Patent is under final rejection. Ex. 2.

---

[3] Qwest first became aware of this March 31, 2008 Report on approximately April 16, 2008, after the March 31, 2008 filing of Qwest's initial papers. The Court's consideration of these issues is respectfully requested.

DB02:6790276.1                                              066550.1001

In *Mediatrix*, RTI, through the same counsel representing it here, made infringement arguments relating to both the '085 and '769 Patents similar to those made in the present case. After *three years* of discovery, RTI failed to provide specifics relating to its allegations that the '769 Patent was infringed. Magistrate Tomlinson noted that

> "Plaintiff's eleventh hour assertion that Mediatrix's products do not infringe any particular claim of the '769 patent but rather infringe the patent as a whole is made of whole cloth and is untenable. Plaintiff provides not a scintilla of viable support for such a disingenuous theory."

*Id.* at p. 29.

Qwest respectfully submits that it is worth the Court's time to read this Report in its entirety, in view of Magistrate Tomlinson's recommendation that RTI and its counsel be sanctioned by dismissal of the case in its entirety. *Id.* at p. 36, Letter from Ethan Horwitz, Esq. to the Hon. Joanna Seybert, dated April 23, 2008, Ex. 3.

Should this matter proceed, Qwest intends to move to dismiss at the outset, challenging RTI's basis for maintaining this action on the same grounds as those raised in light of the Magistrate Judge's Report.

In addition, if the '085 patent comes out of the reexamination now, Qwest intends to press at the outset issues relating to inequitable conduct, as detailed in a letter sent to RTI's counsel. *See* Letter from Steven M. Bauer, Esq. to Robert Epstein, Esq., dated May 1, 2008. Ex. 4 ("the Bauer Letter").

DB02:6790276.1                                                                                                           066550.1001

## CONCLUSION

Accordingly, in view of the arguments presented in its motion to continue the stay and in this reply, Qwest respectfully requests the Court to grant its motion to continue the stay of this litigation pending resolution of the patent reexamination proceedings, including all appeals therefrom.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Mary F. Dugan*

Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
mdugan@ycst.com

Steven M. Bauer
Jacob K. Barron
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
(617) 526-9600
sbauer@proskauer.com

Dated: May 1, 2008

*Attorneys for Qwest Communications Corporation and Qwest Communications International, Inc.*