IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RATES TECHNOLOGY INC.,

        Plaintiff,                      Civil Action No. 07-442 (JJF)

    v.

QWEST COMMUNICATIONS CORPORATION
AND QWEST COMMUNICATIONS INTERNATIONAL,
INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S RESPONSE TO INAPPROPRIATE NEW ARGUMENTS IN DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CONTINUE STAY (MOTION NOTICED FOR MAY 9, 2008 AT 10:00)**

Plaintiff Rates Technology Inc. ("RTI") hereby responds to Defendants' Reply in Support of its Motion to Continue Stay (the "Reply") to address improper arguments raised.

The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief. D.Del. Local Rule 7.1.3. In addition, Fed. R. Civ. P. 11 requires that a pleading not be submitted for any improper purpose, such as to harass or to cause unnecessary delay. RTI submits that section II of the Reply and the Baron Declaration should be stricken for failure to comply with those rules.

The motion presented is straightforward – whether to continue the stay of this litigation. RTI agreed as a courtesy to extend the deadline for the reply brief. That courtesy was rewarded with Defendants' personal attacks against RTI's attorneys that not only are unwarranted and absolutely irrelevant to the issue of the stay in this matter, but

1

also with inadequate time to respond fully to such assertions in compliance with the Court's rules before the motion to continue the stay is heard. RTI therefore responds in the limited time available and will seek the Court's guidance on Friday with respect to any supplemental briefing.

Section II of Defendants' Reply addresses discovery issues in a case pending in another district. RTI submits that those proceedings have no relevance to the issues currently before this Court. Defendants' argument that the stay should continue because a New York judge is reviewing a discovery dispute in that district has no relevance whatsoever here and on its face serves no purpose other than to disparage RTI and its counsel. RTI expects that this Court does not wish to sidetrack this litigation with arguments relating to discovery in New York, but to correct the record it must be noted that despite the representation that in the *Mediatrix* litigation RTI's counsel is to be held jointly liable, the facts are otherwise. Mr. Epstein is not counsel of record in that litigation. With respect to the contention that RTI has provided inadequate information to the PTO, the PTO has raised no such issues and RTI's submissions have been complete. With respect to the Shur Declaration, that was a fact and not an expert declaration. Mr. Shur did not work for RTI other than as a consultant. That fact is reflected in the record.

Defendants threaten to move to dismiss and press issues relating to inequitable conduct. If and when they do, RTI will then have a fair opportunity to respond and correct the record. Nevertheless, that is no reason to delay the litigation further now.

RTI objects in particular to Exhibit 4 of the Baron Declaration, which is a letter dated May 1, 2008 from Steven Bauer to Robert Epstein. The tactic of writing a self-serving letter to opposing counsel threatening future action, and then attaching the letter

2

in a reply brief with no fair opportunity to respond serves only to publicize Defendants' position with no fair opportunity for RTI to correct any misstatements contained therein.

RTI wishes to maintain the level of professional civility which it understands this Court expects and respectfully requests that Section II of the Reply and the Baron Declaration be stricken.

Dated: May 2, 2008     ___/s/ Mary B. Matterer_____
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Of Counsel*
Robert L. Epstein, Esq.
Epstein Drangel Bazerman & James, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
212.292.5390
repstein@ipcounselors.com

Attorneys for Plaintiff
*RATES TECHNOLOGY INC.*