IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RATES TECHNOLOGY INC.,

        Plaintiff,                                 Civil Action No. 07-442 (JJF)

    v.

QWEST COMMUNICATIONS CORPORATION
AND QWEST COMMUNICATIONS INTERNATIONAL,
INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
INAPPROPRIATE NEW ARGUMENTS IN DEFENDANTS' REPLY
IN SUPPORT OF ITS MOTION TO CONTINUE STAY**

      Plaintiff Rates Technology Inc. ("RTI") hereby supplements its response to Defendants' Reply in Support of its Motion to Continue Stay (the "Reply"). In the event Section II of the Reply and the Baron Declaration are not stricken, RTI responds to Defendants' arguments contained therein to correct the record. RTI was unable to respond with this information in the few business hours available Friday after the reply was received before the noon filing deadline due to the volume of the documents filed with the Reply. RTI respectfully submits that Defendants will not be prejudiced by this supplemented response to their new arguments and that RTI would be substantially prejudiced if that contested material is permitted to stand unrebutted. In particular, RTI responds in more detail as follows:

      1.    <u>The Mediatrix Litigation</u>. No adversary has ever sought sanctions against RTI's counsel Robert Epstein personally, nor has any judge recommended sanctions against him. Mediatrix's counsel in that case submitted a proposed order to Judge

1

Seybert asking for a monetary award against plaintiff and its attorneys of record. Mr. Epstein is not and has never been an attorney of record in that case. Furthermore, Magistrate Tomlinson recommended only that RTI's Amended Complaint be dismissed as the sanction for alleged discovery abuse. In her report to Judge Seybert, she did not recommend any monetary sanction be awarded against anyone. RTI's attorney of record in Mediatrix, Mr. James Hicks, objected to Magistrate Tomlinson's recommendation of the dismissal sanction, but Mediatrix submitted no objection to Magistrate Tomlinson's decision not to include monetary sanctions in the recommendation. Mr. Hicks' letter to Judge Seybert is attached as Exhibit A. The matter is now before Judge Seybert.

    2.    <u>Patent Office Proceedings.</u>  Defendants accuse Mr. Epstein of not fulfilling his and RTI's duty of candor before the Patent Office in the current reexamination of the '085 patent. The record clearly shows that the Patent Office has been informed of all information pertinent to the patentability of the claims under reexamination. RTI has informed the Patent Office of every litigation in which the '085 patent has been asserted, as well as the status thereof. RTI has provided copies of every pertinent prior art reference of which it is aware, whether or not it was asserted in a litigation. RTI has fully disclosed information relating to the Markman hearing in the only case where a court has construed the claims of the '085 patent. Further, the Patent Office record includes a copy of the docket sheet of every litigation in which the '085 patent has been involved. The Patent Office has never raised any issue of impropriety, even after receiving a submission from Steven Bauer. It certainly has never ruled that any of the Patent Office rules have been violated by Mr. Epstein or by RTI.

3. <u>Declaration of Shlomo Shur</u>  The Shur declaration was submitted to the Patent Office to establish specific facts as to the operation and capabilities of the telephone system references asserted in the reexamination. The factual statements therein are based upon Mr. Shur's personal knowledge, acquired as the head of the team of software engineers responsible for the development, programming and support of two of the systems. In particular, Mr. Shur explained that the telephone systems of the references used a simple route selection scheme commonly employed in the limited capability telephone systems of the mid-1990's which utilized preprogrammed route preferences, whereas the patent claims call for a more sophisticated route selection system, used in today's sophisticated telephone systems (such as the Qwest system), in which route preferences are determined as a call is being routed, by comparing cost related information as to the various routes that is retrieved from the system memory..

In the paragraph of the submission to the Patent Office introducing the Shur declaration and discussing Mr. Shur's employment history, it is clearly stated that after leaving the employ of the company that sold the telephone systems noted above "… Mr. Shur has been employed as a software engineer by various entities and as a part time consultant to Rates Technology Inc." No attempt to withhold information as to Mr. Shur's relationship to RTI. was made.  That Mr. Shur may have assisted RTI in evaluating whether telephone systems infringe the RTI patents in no way undermines his credibility.

There is furthermore nothing in Mr. Shur's declaration that in any way contradicts statements made to the Patent Office regarding the Treat patent, considered previously by the Patent Office with respect to the '085 patent. Treat did not teach any automatic route

3

selection at all, much less the automatic route selection system required by the RTI patent claims which employs a means of retrieving stored cost related information and comparing same to select routes.

In fact, Mr. Shur's declaration completely supports RTI's belief that the accused Qwest telephone system could not operate in any way other than by using an infringing route selection system. That is because of the many present day telephone systems of which RTI is aware, no system with the sophistication to route the amount of traffic necessary to meet today's demands in a cost effective manner could successfully operate otherwise.

Dated: May 6, 2008

Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Of Counsel*
Robert L. Epstein, Esq.
Epstein Drangel Bazerman & James, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
212.292.5390
repstein@ipcounselors.com

Attorneys for Plaintiff
*RATES TECHNOLOGY INC.*

# EXHIBIT A

# Hicks | Park LLP
### Attorneys at Law

824 Wilshire Blvd., Suite 300
Los Angeles, CA 90017
Office. 213 612 0007
Fax. 213 612 0373
www.hicksparklaw.com

April 29, 2008

Hon. Joanna Seybert
United States District Court Eastern District of New York
P.O. Box 9014
Central Islip, New York 11722-9014

  Re: <u>**Rates Technology Inc. v. Mediatrix Telecom, Inc., et al.**</u>

Your Honor:

  As your Honor is aware, I am counsel for RTI, and I am admitted pro hac vice. Mediatrix's counsel Ethan Horwitz's April 16 letter asked you to grant money sanctions against the plaintiff and its counsel, supposedly confirming the Magistrate's Report; my April 18 letter objected that the Report doesn't recommend money sanctions against RTI or its counsel; RTI's local counsel David Lazer asked on April 21 that no sanctions be awarded against him; and Mr. Horwitz submitted two additional letters dated April 23 and 24 regarding the issues. I previously replied on my own behalf to Mr. Horwitz's newest submissions. This letter constitutes RTI's reply to Mr. Horwitz's newest submissions and in support of the objections set forth in my April 18 letter.

  As explained by my prior letter, Mediatrix moved for dismissal and money sanctions against RTI under Fed.R.Civ.P. 37. The Magistrate's Report recommends granting Mediatrix's "motion for sanctions, pursuant to Rule 37(b)(2)(C)"; and "[c]onsistent with that recommendation, I further recommend to Judge Seybert that Plaintiff's Amended Complaint be dismissed in its entirety." Report at p. 36. <u>It's undisputed that the Report does not mention any fee award</u>.

  Mediatrix's April 23 letter says a fee award is "subsumed" in the Report, but its reading violates the "universal principle of interpretation that *expressio unius est exc/usio alterius* (the expression of one thing is the exclusion of another)." *Prince v. Coca Cola Bottling Co.*, 37 F.Supp.2d 289, 293 (S.D.N.Y.1999). I respectfully submit that a more reasonable reading is the Report's specific recommendation that the "Amended Complaint be dismissed in its entirety," without mentioning a fee award, means money sanctions were denied. It would also be odd for the Report to recommend a fee award without more discussion, since Mediatrix sought money sanctions against RTI several times, and each request was denied; and when it filed objections, the denial was affirmed. *E.g.*, Order dated June 29, 2007 (denying Mediatrix's Rule 11 motion).

<u>EXHIBIT A</u>

Hon. Joanna Seybert
April 29, 2008
Page 2

      Mediatrix's April 23 letter also criticizes RTI for supposedly "not do[ing] appropriate due diligence prior to commencing this lawsuit." But the Court has specifically found that "Plaintiffs pre-filing investigation was neither frivolous nor unreasonable." Order dated June 29, 2007, p. 9. RTI wasn't able to completely answer Mediatrix's interrogatories, but that's not surprising since its amended complaint "admits that, pursuant to Rule 11(b)(3), it needs to take more discovery" (*id.* at p. 10) – yet RTI wasn't allowed to take *any* discovery after filing its amended complaint.[1]

      Because RTI wasn't allowed to take discovery to support its amended complaint's allegations re infringement, it couldn't completely answer Mediatrix's interrogatories about that issue. But it said under oath that it provided the best interrogatory answers it could, and that it had no other responsive information – *e.g.*, RTI's Further Supplemental Responses dated Sept. 25, 2006, at pp. 5-9 – so its inability to completely answer the interrogatories was substantially justified, and circumstances make an award of fees and expenses unjust. RTI can't produce information it does not have – especially since "it need[ed] to take more discovery to support certain specified allegations." Order dated June 29, 2007, at p. 10. See 7 *Moore's Federal Practice* §33.102[1], at p. 33-68 (2008) (noting that a responding party need not search out new information).

      RTI therefore respectfully asks that the Court not enter Mediatrix's proposed order, and instead enter the dismissal order attached to my prior letter, which deletes the references to money sanctions. If the Court does consider awarding money sanctions, RTI alternatively asks the Court to set a briefing schedule on my prior letter's objections to the Report. See *Johnson v. Zema*, 170 F.3d 734, 741 (7th Cir. 1999) (Rule 72 just "require[s] a litigant to specify each issue for which review is sought and not the factual or legal basis of the objection").[2]

                                         Respectfully submitted,

                                           HICKS I PARK LLP

                                           JAMES B. HICKS

cc:    David Lazer, Esq. (Via ECF)
       Ethan Horwitz, Esq. (Via ECF)

---

[1] Indeed, the same day the Magistrate issued the Report, she also denied RTI's motion for leave to take discovery relating to its amended complaint's infringement allegations. Order dated March 31, 2008, at pp. 1-2.

[2] Mediatrix's April 23 letter says the objections were supposedly untimely because Fed.R.Civ.P. 6's provisions for an extra three days for e-mail service of the Report don't apply, but the Federal Rules apply to all civil matters and override the cited administrative order. *U.S. v. Orr Water Ditch Co.*, 391 F.3d 1077, 1082 (9th Cir. 2004). See *Lerro v. Quaker Oats Co.*, 84 F.3d 239 (7th Cir. 1996) (applying Rule 6 time calculations to Rule 72's objection deadlines).