UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

RATES TECHNOLOGY INC.,

        Plaintiff,

v.                                                                         Civil Action No. 07-442-JJF

QWEST COMMUNICATIONS CORPORATION
and QWEST COMMUNICATIONS
INTERNATIONAL INC.,

        Defendants.

---

**NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) OF THE
DEFENDANT QWEST COMMUNICATIONS CORPORATION**

TO:    Melanie Sharp
        Young, Conway, Stargatt & Taylor
        1000 West Street, 17th Floor
        Wilmington, Delaware 19801

      PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff Rates Technology, Inc., by its attorney, will take the deposition upon oral examination of: DEFENDANT QWEST COMMUNICATIONS CORPORATION BY ITS MANAGING AGENTS, OFFICERS AND/OR EMPLOYEES at the offices of Morris James LLP, 500 Delaware Ave., Ste. 1500, Wilmington, DE 19801, beginning at **10:00 a.m.** on **August 11, 2008** before a Notary Public in and for the State of Delaware, or before some other officer authorized by law to administer oaths. This deposition will be recorded by stenographic means. Rule 30(b)(6) provides, in part, that defendant "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . . The persons so

designated shall testify as to matters known or reasonably available to [Qwest Communications Corporation]."

Plaintiff requests that defendant designate and produce a person or persons to testify on behalf of Qwest Communications Corporation regarding the matters set forth in Exhibit A. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: June 9, 2008

/s/ Mary Matterer
Mary B. Matterer, Esq. (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302.888.6800
mmatterer@morrisjames.com

*Of Counsel*
Robert L. Epstein, Esq.
Epstein Drangel Bazerman & James, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
212.292.5390
repstein@ipcounselors.com

Attorneys for Plaintiff
*RATES TECHNOLOGY INC.*

**SCHEDULE A**
**TO RULE 30(B)(6) NOTICE OF DEPOSITION OF DEFENDANT**
**QWEST COMMUNICATIONS CORPORATION**

Pursuant to Rule 30(B)(6), you are required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf. Such person or persons will be questioned on the following topics:

1. The design, development, and testing of:

    (a) Qwest Communications Corporation's "Accused System", which means, without limitations Qwest Communications Corporation's system to provide Voice over Internet Protocol ("VoIP") telephone services to individuals and/or subscribers of Qwest Communications Corporation;

    (b) Qwest Communications Corporation's "Accused Services", which means, without limitation any Qwest Communications Corporation Internet phone service, utilizing said Accused System and/or any other Qwest Communications Corporation system or product capable of routing telephone calls, including but not limited to those allowing individuals and/or subscribers of Qwest Communications Corporation, to use their cable modem, DSL modem, or other BroadBand Internet connection to make and receive Voice over IP (VoIP) phone calls;

    (c) Qwest Communications Corporation's "Accused Products" which means, without limitations, any and all of Qwest Communications Corporation's products capable of routing telephone calls or use in an Internet telephone system capable of routing telephone calls.

2. The manufacturing and/or sales of the Accused Services and/or Accused Products.

3. The advertising, marketing and promotion of the Accused Services and/or Accused Products.

4. The time period during which the Accused Services and/or Accused Products have been manufactured and/or sold by Qwest Communications Corporation and/or its licensees, distributors and retailers.

5. The number of Accused Services and/or Accused Products sold, to whom the Accused Services and/or Accused Products were sold, the cost of manufacture, and gross and net revenue of Accused Services and/or Products.

6. Third-party persons, corporations or other entities with whom or which Qwest Communications Corporation maintains or formerly maintained sales agreements, distributor agreements, joint sales agreement or any other documents relating to same

as to the sale, manufacture or distribution of the Accused Services and/or Accused Products.

7. The circumstances under which the Patents-In-Suit were brought to the attention of Qwest Communications Corporation

8. All facts and circumstances concerning or relating to any contention that the Accused System, services and/or products do not infringe upon the Patents-In-Suit.

9. All facts and circumstances concerning or relating to any contention that the Patents-In-Suit are invalid.

10. All facts and circumstances concerning or relating to any contention that the Patents-In-Suit are unenforceable.

11. All facts and circumstances concerning or relating to any contention that the Plaintiff Rates Technology Inc. is guilty of inequitable conduct and have failed to come into equity with clean hands.

12. All facts and circumstances concerning or relating to any contention that it has acted in good faith and for legitimate business purposes in its conduct pertinent to this action.

13. All facts and circumstances concerning or relating to any contention that Plaintiff Rates Technology Inc. has failed to act in a reasonable manner to mitigate damages.

14. All facts and circumstances concerning how traffic is routed through the Accused System, specifically provide how calls are routed through each decision point in the Accused System, with respect to:
    (a) VoIP calls (i.e. to a digital phone);
    (b) Calls to a non-digital phone that must be dropped to the public switched telephone network ("PSTN").

15. All facts and circumstances concerning at what location in the Accused System:
    (a) Calls are dropped to the PSTN;
    (b) Each and every telephone carrier that transmits each call after they are dropped to the PSTN.

16. All facts and circumstances concerning the amount of traffic on the Accused System, specifically providing the amount of traffic hourly, daily, monthly and yearly, and the amount of gross and net revenue derived during each period described above for the last six years.

17. All facts and circumstances concerning any and all databases utilized with the Accused System, and identify all information contained and/or stored within each database with respect to routing decisions, how calls are routed through each decision

point of the Accused System, and how the information contained and/or stored on each database is utilized to make specific routing decisions.

18. All facts and circumstances concerning each and every individual involved in updating the databases, and in particular, describe how and how often information in each database is updated, and each and every individual involved in updating each database.

19. All facts and circumstances concerning how Qwest Communications Corporation's Accused System and/or Accused Product route calls.

20. All facts and circumstances concerning each and every Accused Product that routes calls, how each Accused Product routes calls, regardless of whether the Accused Product is utilized alone, as part of the Accused System or as part of a third-party VoIP system.

21. All facts and circumstances concerning any third-party VoIP systems which include any Accused Products programmed for use as part of said third-party VoIP systems, and how these third-party VoIP systems route calls.

22. All facts and circumstances concerning any third-party VoIP systems, within which systems utilize any Accused Product, or any other infringing usage, and indicating whether these Accused Products additionally possess any non-infringing uses, and specify those non-infringing uses.

23. All facts and circumstances concerning each Accused Product that routes call, whether utilized in the Accused System or a third-party VoIP system, specifically providing the specifications, the communications protocol utilized in each Accused Product, and each and every individual responsible for furnishing said specifications and protocols for each identified Accused Product.

24. All facts and circumstances concerning what Qwest Communications Corporation believes is a reasonable royalty for the Accused System, services and products, what royalties are common in the telecommunications industry, and each and every factor that should be taken into consideration in determining a reasonable royalty for the Accused System, Accused Services and Accused Products.